```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION

CALLIOPE CAPITAL CORPORATION,
etc.,

          Plaintiff,

v.                                CASE NO.  8:08-CV-219-T-17TBM

EARTHFIRST TECHNOLOGIES,
INCORPORATED, etc., et al.,

          Defendant.
_____/


                               ORDER

     This cause is before the Court on:

     Dkt. 9  Motion to Appoint Receiver
     Dkt. 10 Affidavit
     Dkt. 16 Supplement
     Dkt. 18 Opposition
     Dkt. 34 Deposition
     Dkt. 38 Declaration
     Dkt. 48 Supplement
     Dkt. 57 Declaration
     Dkt. 58 Supplement
     Dkt. 61 Report and Recommendation
     Dkt. 71 Objections to Report and
             Recommendation
```

The Complaint in this case includes: 1) Count I - Breach of Security Agreements, Notes and Forbearance Agreement; 2) Count II - Judicial Foreclosure of Personal Property, and 3) Count III - Judicial Foreclosure of Real Property.  The basis of jurisdiction is diversity.

Case No. 8:08-CV-219-T-17TBM

Plaintiff is the assignee of Laurus Master Fund, LLC, who, in March, 2005, loaned $8,000,000 to Defendants, for which Defendants are jointly and severally liable. Defendants put all assets up as collateral for the loan, executing various Security Agreements and Notes. In March, 2007, Laurus Master Fund, LLC notified Defendants that they were in default. Thereafter, the parties reached a Forbearance Agreement in October, 2007. Plaintiff alleges Defendant breached the terms of the Forbearance Agreement. After notice of default and acceleration was given in November, 2007, this case was filed on January 31, 2008. Plaintiffs filed a Motion to Appoint Receiver and for Expedited Discovery, which was referred to the assigned Magistrate Judge. Magistrate Judge McCoun conducted non-evidentiary hearings on February, 22, 2008, March 17, 2008 and April 15, 2008. The Report and Recommendation was issued on April 18, 2008, recommending that the Court appoint a Receiver. Defendants have filed Objections to the Report and Recommendation (Dkt. 71).

I. Standard of Review

Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a <u>de novo</u> review with respect to that factual issue. <u>Jeffrey S. v. State Board of Education of State of Ga.</u>, 896 F.2d 507, 513 (11th Cir. 1990). The district court's consideration of the factual issue must be independent and based upon the record before the court. To the extent that the magistrate has made findings of fact based upon the testimony of the witnesses heard before the magistrate, the district court is obligated to review the transcript or listen to the tape-recording of those proceedings. After doing so, however, the

Case No. 8:08-CV-219-T-17TBM

factual conclusions reached by the district court are subject only to a "clearly erroneous" standard of review on appeal. LoConte v. Dugger, 847 F.2d 745, 749-50 (11th Cir. 1988).

II. Hearings

The Magistrate Judge did not conduct evidentiary hearings. No transcripts were provided to the Court. The Court was not required to listen to the digital recordings of the proceedings; however, the Court did so.

III. Objections

The Court has independently examined this case, including all pleadings, and now considers Defendants' objections to the Report and Recommendation:

A. Factors Supporting Appointment of Receiver

In Santibanez v. Wier McMahon & Co., 105 F.3d 234 (5th Cir. 1997), the Fifth Circuit Court of Appeals notes the following relevant factors:

> "1) valid claim by the party seeking the appointment;
> 2) the probability that fraudulent activity has
> occurred or will occur to frustrate that claim; 3)
> imminent danger that property will be concealed, lost
> or diminished in value; 4) inadequacy of legal
> remedies; lack of a less drastic equitable remedy; and
> likelihood that appointing the receiver will do more
> good than harm."

In Consolidated Rail Corporation v. Fore River Railway Co., 861 F.2d 322 (1st Cir. 1988), the First Circuit Court of Appeals

3

Case No. 8:08-CV-219-T-17TBM

recognizes the following relevant factors:

> "1) fraudulent conduct on the part of the defendant; 2) imminent danger that property will be lost or squandered; 3) the inadequacy of available legal remedies; 4) the probability that harm to the plaintiff by denial of the appointment would be greater than the injury to the parties opposing the appointment; the plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property; and whether the interests of the plaintiff and others sought to be protected will in fact be well served by the receivership."

The Report and Recommendation of Magistrate Judge McCoun cites both <u>Santibanez</u> and <u>Consolidated Rail</u>. There are semantic differences in the phrasing of the relevant factors in the cases cited. The appointment of a receiver is a matter of judicial discretion, based on consideration of all of the relevant circumstances. The Magistrate Judge conducted three hearings, and permitted expedited discovery. After consideration, the Court finds that the assigned Magistrate Judge did not err in considering the factors relevant to this case. The Court overrules Defendants' objection.

B.  Record Insufficient to Support Magistrate's Conclusions

The record of this case is more than sufficient to support the conclusions of the Magistrate Judge. The basic facts are not in dispute. There is no dispute as to the existence of the security interest, the events of default, or the amount of the debt. The Barker affidavit attests to Defendants' cash management practices.

When the Court permitted expedited discovery, the Court

4

Case No. 8:08-CV-219-T-17TBM

defined the scope of discovery. One parameter was the necessity of appointing a receiver. While Defendants argue that Court relied on improper opinion testimony from Michael Brooks, the Court notes that Michael Brooks is qualified by education and experience to testify as to financial issues, and the scope of Brooks' engagement included a review of all subsidiaries, their financial statements, and overall financial condition.

Defendants argue that the Magistrate Judge did not consider the entirety of the Brooks Deposition. Defendants specifically asked the Magistrate Judge to consider the entire Deposition, and Magistrate Judge McCoun said he would read the entire Deposition. The undersigned has also considered the entire Deposition.

After consideration, the Court overrules Defendants' objection as to insufficiency of the evidence.

C. No Evidence Supporting Appointment of Receiver For Any Defendant Other Than EME

Plaintiff loaned $8,000,000. to Earthfirst Technologies, and a group of subsidiaries. All of the entities are jointly and severally liable for the secured obligations, and all are controlled by John Stanton. One of the purposes of the receivership is to obtain accurate information as to the Borrower Group as a whole. Defendants' cash management practices include moving monies between entities, and use of receivables from one entity to fund the activities of other entities. Appointment of a receiver for only one entity would not accomplish the purpose of obtaining accurate financial information, and establishing control of the movement of assets. After consideration, the Court overrules Defendants' objection.

5

Case No. 8:08-CV-219-T-17TBM

D. Evidentiary Hearing Required

Defendants argue that an evidentiary hearing is required because of controverted facts. In the first place, the basic facts are not in dispute, as noted above. Further, in <u>Citronelle-Mobile Gathering, Inc. v. Watkins</u>, 934 F.2d 1180 (11th Cir. 1991), the Eleventh Circuit Court of Appeals notes that there is no general requirement of a hearing in Rule 66, and the court may approve the appointment of a receiver **where the record discloses sufficient facts to warrant it**, as is the case here. After consideration, the Court overrules Defendants' objection.

E. Magistrate's Conclusions Were Erroneous

Defendants argue that the conclusion of the Magistrate Judge that Plaintiff will be successful on the merits of the action, and foreclosure will be inevitable is erroneous as to Defendant WESCO, and the RCT Agreement (Dkt. 38-3).

If the parties want to file a stipulation to dismiss Defendant WESCO from this case, the parties may do so. Otherwise, as the Report and Recommendation recognizes, if aspects of Defendants' operations are salvageable, the receiver will work to salvage the same for the parties' economic benefit. If the businesses are beyond repair, the appointment of a receiver will serve to marshal the assets in a manner allowing for the orderly and equitable disposition of the assets. After consideration, the Court overrules Defendants' objections as to this issue.

Case No. 8:08-CV-219-T-17TBM

F.  Report Does Not Balance Factors for Appointment of Receiver

The Report and Recommendation reflects consideration of a number of relevant factors. The Report and Recommendation states that Defendants are in default under the notes and security agreements, which permit Plaintiff to take possession of the collateral upon default, and seek appointment of a receiver with authority to assume control over the collateral. The Report and Recommendation further notes that damages for breach of contract is an insufficient remedy, in light of the current level of operations of Defendants' businesses, the sale or other transfer of the assets and the ongoing use of the dwindling receivables to fund current activities. The Report and Recommendation recognizes that the appointment of a receiver will bring various harms to Defendants, that shareholders will suffer a loss, and employees will probably lose their jobs. Defendants were not compelled to enter into the Security Agreements which have come into play in this case. As the Report and Recommendation states, Defendants have offered no other financial plan in avoidance other than the continued depletion of Plaintiff's security.

After consideration, the Court finds that the relevant factors have been balanced, and overrules Defendants' objection.

1.  Other Legal or Equitable Remedies Available

The Court notes that other remedies have been attempted, and have failed. Defendants have entered into valid and binding agreements, only to display a continuing pattern of conduct in which binding agreements are selectively ignored, or deliberately

7

Case No. 8:08-CV-219-T-17TBM

avoided. Plaintiff's ability to rely on Defendants' future promises is distinctly absent.

2. No Finding of Imminent Danger that Property Will Be Lost or Squandered

The Report and Recommendation notes the amount of money Defendants owe Plaintiff, notes Defendants' level of operations, and notes that the receivables are dwindling. Given the passage of time, the logical conclusion from these facts is that Plaintiff's loan is becoming more undersecured. In other words, every day Plaintiff is at greater risk of losing the ability to foreclose on the collateral to fully repay the loan. The appointment of a receiver will, at the very least, result in accurate reporting of cash flows, so that informed decisions can be made.

3. Magistrate Does Not Balance Harms to the Parties

In the Report and Recommendation, the Magistrate Judge recognizes that the appointment of a receiver will probably cause substantial harm to Defendants, but found that, after balancing, the appointment decision favors Plaintiff. Based on the negotiated agreements, the Magistrate Judge found that Plaintiff should be afforded the benefits of its bargain to avoid further harm to its financial position. The harms have been balanced, but the conclusion is adverse to Defendants. This does not mean that the balancing is incorrect. After consideration, the Court overrules Defendants' objection.

Case No. 8:08-CV-219-T-17TBM

4. No Clear, Satisfactory Showing of Necessity of Appointment

The Court agrees that the appointment of a receiver is an extraordinary remedy.  It is regrettable that certain choices have been made by Defendants that have created a factual scenario in which the appointment of a receiver has become necessary.  The Court does not relish its decision to grant an extraordinary remedy, but such decisions must often be made.  Defendants elected to enter into various binding Agreements, and now exhibit no intention of compliance with the terms of the Agreements.  After consideration, the Court overrules Defendants' objection.

G. Report Improperly Relies on Contractual Right to Appointment

The appointment of a receiver is an ancillary equitable remedy which is appropriate under the facts of this case, after consideration of the relevant factors.  Other remedies have been attempted, but have failed.  After consideration, the Court overrules Defendants' objection.

H. No Requirement of Bond

After consideration, the Court defers ruling on the issue of requiring a bond, including the consideration of an appropriate amount.  The Court directs the parties to confer as to this issue, and notify the Court as soon as the parties reach a stipulation.  If the parties cannot stipulate, Defendants shall file a motion addressing this issue, and Plaintiff shall file a response.

Case No. 8:08-CV-219-T-17TBM

IV. Report and Recommendation

The Court has overruled all objections. After consideration, the Court adopts and incorporates the Report and Recommendation by reference. Accordingly, it is

**ORDERED** that all objections are **overruled**, the Report and Recommendation is **adopted and incorporated by reference**, and the Court **grants** the Motion to Appoint Receiver. A separate Order appointing a Receiver will be entered.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 6th day of May, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record

10